FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KURT ALLEN HASKIN,<br><br>Defendant. | No. 2:19-CR-00046-SMJ-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TEMPORARILY MODIFY CONDITIONS OF PRETRIAL RELEASE<br><br>**MOTION GRANTED**<br>**(ECF No. 23)** |

Before the Court is Defendant's Motion to Modify Conditions of Release, **ECF No. 23**. Defendant recites in his motion that U.S. Probation Officer Stephen Krous does not oppose the modification.

Specifically, Defendant requests permission to travel outside the Eastern District of Washington to retrieve a tractor and bring it back to this district.

Defendant's Counsel recites that she left an email message with Assistant U.S. Attorney, but did not disclose when the email was sent. The Court does not know how much time elapsed between the time the Assistant U.S. Attorney was aware of this motion and had the opportunity to respond, and the time the motion was presented to the Court.

The Court is painfully aware that defendants, perhaps understandably unaware of the time and procedures entailed in accomplishing an order varying release conditions, often give their attorneys insufficient time to properly request and process an order from the Court. The Court is also aware that even, with the

ORDER - 1

best of intentions or reasons, opposing counsel's failure to respond to a motion can in effect block or delay the motion.

Regardless, a court cannot determine release conditions *ex parte*. Nor will a court undertake to resolve a matter that is "high centered," by initiating the communications that are the responsibility of the attorneys.

The proposed order in this case has been before the court unaddressed for three days. In the interim, the Assistant United States Attorney assigned to the case has informally, during an unrelated conversation, advised chambers staff that she has no objection to the motion. Had the Assistant United States Attorney not been attentive, the Court would be in the position of either unfairly denying the defendant's motion for reasons unrelated to the merits or granting the motion on a record that could be misinterpreted as *ex parte*.

**IT IS ORDERED**, that Defendant's Motion, **ECF No. 23**, is **GRANTED**. Defendant is permitted to travel from Tonasket, Washington to Ethol, Washington in the Western District of Washington on Saturday, April 13, 2019. He will then drive to Yakima, Washington where he will spend the night and return to Tonasket on Sunday, April 14, 2019. Prior to departure Defendant shall provide Pretrial Services with the address where he will be staying and a phone number where he can be contacted at any time.

All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED April 12, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 2