FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KURT ALLEN HASKIN,<br><br>Defendant. | No. 2:19-CR-00046-SMJ-1<br><br>ORDER GRANTING MOTION TO EXPEDITE AND GRANTING MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 32, 33** |
|---|---|

Before the Court are Defendant's Motion to Expedite, ECF No. 33, and Motion to Modify Conditions of Pre-trial Release, ECF No. 32. Neither the United States, nor the United States Probation/Pretrial Services Office oppose the motions.

Specifically, Defendant requests that Special Condition No. 14, requiring that he remain in the Eastern District of Washington, and Special Condition No. 28, requiring that he participate in electronic location monitoring, be suspended while he travels to and works in Karluk, Alaska for approximately one week. Defendant reports that he has worked with the Karluk IRA Tribe in the past

ORDER - 1

repairing large machinery and would be able to provide USPO Krous with his address and dates of departure and return. ECF No. 32 at 2.

Defendant is charged with the receipt and possession of child pornography. As such, Defendant is subject to the mandatory conditions prescribed by the Adam Walsh Act, which include the special condition of electronic monitoring. *See* 18 U.S.C. § 3142. However, the Ninth Circuit has made clear that district courts should exercise their discretion in setting and defining four of the mandatory conditions: (1) defining a condition of electronic monitoring; (2) specifying restrictions on personal associations, place of abode, or travel; (3) setting a reporting requirement; and (4) specifying a curfew. 18 U.S.C. § 3142(c)(1)(B), (iv), *708 (vi), (vii); *United States v. Kennedy*, 327 F. App'x 706, 707 (9th Cir. 2009); *United States v. Peeples*, 630 F.3d 1136, 1139 (9th Cir. 2010) ("The Walsh Act's mandatory release conditions require the district court to exercise its discretion, to the extent practicable, in applying the mandatory release conditions."). Specifically, the Ninth Circuit requires that the district court consider:

> all relevant factors, including defendant's job-related needs, to determine the time of day or number of hours in specifying a curfew, or whether the curfew must be connected to a particular address. The district court shall also fashion an appropriate condition of electronic monitoring that would enable defendant to continue his employment. For example, the district court might find it appropriate to set a procedure by which defendant may travel by air for work, with prior notice and approval; and perhaps monitoring and a curfew at the

ORDER - 2

destination city.

*Kennedy*, 327 F. App'x at 707-08.

In considering the above factors and the safeguards in place, the Court finds that temporarily modifying Defendant's conditions of release is appropriate. According to USPO Krous, Defendant has been compliant with all conditions of his pre-trial release, including curfew and location monitoring. Defendant was previously granted a similar modification allowing him to travel to the Western District of Washington by Magistrate Judge Rodgers, though medical issues precluded him from making the trip. *See* ECF No. 27. Apart from the current alleged offenses, Defendant has no criminal history. Moreover, the instant allegations do not include hands-on abuse or contact with children. The temporary modifications would allow Defendant to continue substantially profitable employment with the Karluk IRA Tribe.

In terms of the safeguards available, USPO Krous conducted a background check on the individual with whom Defendant will be staying. She has no criminal history, is aware of the charges against Defendant, and confirmed that no children live in the residence where Defendant will stay. Defendant will be staying in a village with very few people at a lodge near the tribal office. USPO Krous also arranged for a probation officer for the

USPO for the District of Alaska, who is traveling in the Karluk area, to visit him.

Moreover, according to the Probation Office in the District of Alaska, GPS/electronic monitoring can be effectuated in the Karluk area. Defendant is directed to transport his GPS device with him for use once he arrives in the Karluk area.

On balance, the Court finds that the proposed modifications do not cause an undue risk of harm to the community and are therefore in line with the concerns predicating the Adam Walsh Act.

Accordingly; **IT IS HEREBY ORDERED:**

1. The Motion to Expedite (**ECF No. 32**) is **GRANTED**.
2. The Motion to Modify Conditions of Release (**ECF No. 33**) is **GRANTED**.
3. **Condition No. 10**, requiring that Defendant surrender his passport to the Probation Office, shall temporarily be suspended to allow Defendant to travel to Alaska. Defendant's passport may be returned to him for the purposes of this trip and must be returned to the Probation Office when Defendant returns to the District.
4. **Condition No. 14**, requiring that Defendant remain in the Eastern District of Washington, shall temporarily be suspended to allow Defendant to

travel from Tonasket, Washington to Karluk, Alaska, with the precise dates to be coordinated with the U.S. Probation Office.

5. **Condition No. 28**, requiring that Defendant participate in electronic monitoring, shall temporarily be suspended while Defendant remains in Karluk, Alaska. Defendant is directed to transport his electronic monitoring device with him for use when he is in Alaska.

6. Defendant must provide USPO Krous with the address where he will be living, as well as specific dates of departure and return to USPO Krous.

7. To the extent possible, Defendant must remain in contact with USPO Krous throughout the duration of his trip to Alaska.

8. All other conditions of pre-trial release shall remain in force.

DATED September 27, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE